1
2
3
4
5 **UNITED STATES DISTRICT COURT**
6 **DISTRICT OF NEVADA**
7

8 RODNEY ALLEN WOOD,                                    )
                                                       )
9                          Plaintiff,                  )    Case No. 2:16-cv-00358-JAD-GWD
                                                       )
10 vs.                                                 )    **ORDER AND REPORT AND**
                                                       )    **RECOMMENDATION**
11                                                     )
   TEAMSTERS LOCAL 631, *et al.,*                      )    Application to Proceed *In Forma*
12                                                     )    *Pauperis* (ECF No. 1) and Screening of
                          Defendants.                  )    Complaint (ECF No. 1-2)
13 _____            )

14        This matter comes before the Court on Plaintiff's Application to Proceed *In Forma*

15 *Pauperis* (ECF No. 1), filed on February 22, 2016.

16                                   **BACKGROUND**

17        Plaintiff brings this action pursuant to Title VII of the Civil Rights Act and the Americans

18 with Disabilities Act.  He alleges that he has been the victim of workplace discrimination based on

19 his disability.

20                                    **DISCUSSION**

21 **I.     Application to Proceed In Forma Pauperis**

22        Plaintiff filed this instant action and attached a financial affidavit to his application and

23 complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to

24 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,

25 Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

26 **II.    Screening the Complaint**

27        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

28 complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v.*

2

*Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

## III.    Instant Complaint

Plaintiff's complaint alleges that Defendants discriminated against him based on his disability in violation of Title VII of the Civil Rights Act as well as the Americans with Disabilities Act.  He attached the Notice of Suit Rights letter he received from the EEOC on November 23, 2015 and subsequently filed this action.  Thus, it appears Plaintiff exhausted his administrative remedies.

### A.    Title VII of the Civil Rights Act Does Not Prohibit Discrimination on the Basis of Disability

Plaintiff's Title VII claim is based solely on allegations that Defendants discriminated against him based on his disability.  *See Complaint* (ECF No. 1-2), pg. 7 ("Defendant(s) discriminated against me based on my ... disability or perceived disability ... former drug addict not currently useing [sic]").  However, "Title VII does not encompass discrimination on the basis of disability."  *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n. 8 (9th Cir. 2008); *see also Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) ("Title VII does not proscribe discrimination on the basis of disability.");  *Mitchell v. Chapman*, 343 F.3d 811, 824 n. 12 (6th Cir. 2003) ("Title VII does not address disability discrimination.");  *Brennan v. Nat'l Telephone Directory Corp.*, 881 F.Supp. 986, 996–97 (E.D.Pa.1995) ("[W]hile Title VII prohibits discrimination based upon a person's 'race, color, religion, sex, or national origin,' 42 U.S.C. § 2000e–2, it does not prohibit disability discrimination.").  Plaintiff's complaint does not allege facts that indicate Defendants discriminated against him on the basis of a class protected by Title VII.  Therefore, the Court will recommend that Plaintiff's Title VII claim against Defendants be dismissed with prejudice. . . .

3

1

**B.     Americans with Disabilities Act**

2      The ADA prohibits certain employers from discriminating against individuals on the basis

3 of their disabilities.  42 U.S.C. § 12112(a).  To qualify for relief under the ADA, a plaintiff must

4 show that "(1) she is a disabled person within the meaning of the statute; (2) she is qualified, with

5 or without reasonable accommodation, to perform the essential functions of the job she holds or

6 seeks; and (3) that she suffered an adverse employment action because of her disability."  *Puckett v.*

7 *Park Place Entm't Corp.*, 332 F.Supp.2d 1349, 1352 (D. Nev. 2004) (citing *Braunling v.*

8 *Countrywide Home Loans*, Inc., 220 F.3d 1154, 1156 (9th Cir. 2000)).  A disability is a physical

9 or mental impairment that substantially limits one or more major life activities, a record of such an

10 impairment, or being regarded as having such an impairment.  *See* 42 U.S.C. § 12102(1)(A)-(C).

11 Plaintiff claims to be a qualified individual with a disability.  Plaintiff represents that he was a

12 former drug addict who went through a rehabilitation program and was not currently using at the

13 time he was allegedly discriminated against.  This is sufficient to constitute a disability under the

14 Americans with Disabilities Act.  *See* 29 C.F.R. § Pt. 1630, App.  ("Individuals who are no longer

15 illegally using drugs and who have either been rehabilitated successfully or are in the process of

16 completing a rehabilitation program are, likewise, not excluded from the [terms "disability" and

17 "qualified individual with a disability"].").  Plaintiff further alleges that Defendants refused to hire,

18 terminated, and failed to accommodate him when he returned to work following time spent in the

19 drug rehabilitation program despite the fact that others similarly situated were given work.

20 Therefore, the Court finds that Plaintiff has properly pled a claim of disability discrimination.

21 Accordingly,

22      **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is

23 **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars

24 ($400.00).

25      **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

26 conclusion without the necessity of prepayment of any additional fees or costs or the giving of

27 security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the

28 issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 1-2).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service.  The Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claim against Defendants based on Title VII of the Civil Rights Act be **dismissed** with prejudice for failure to state a claim for which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to

5

file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of October, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

6