UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODNEY ALLEN WOOD,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>TOMMY BLITSCH, et al.,<br><br>                    Defendant(s). | Case No. 2:16-CV-358 JCM (GWF)<br><br>ORDER |

      Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"). (ECF No. 3). No objections have been filed, and the deadline for filing objections has since passed.

      Magistrate Judge Foley recommends that plaintiff's claim against defendants based on Title VII of the Civil Rights Act be dismissed with prejudice because Title VII does not prohibit discrimination based on disability. (ECF No. 3 at 3).

      This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

      Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

**James C. Mahan**
**U.S. District Judge**

employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, the court finds that good cause appears to ADOPT the magistrate judge's findings.

Moreover, Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court *sua sponte* or on the motion of an attorney or *pro se* party." LR 41-1. Further, it is well established that the district courts have the inherent power to control their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)). "Indeed, the inherent powers permit a district court to go as far as to dismiss entire actions to rein in abusive conduct." *Id.* (citing *Atchison, Topeka & Santa Fe Ry.*, 146 F.3d at 1074 as "recognizing inherent power to dismiss an action to sanction abusive conduct such as judge-shopping or failure to prosecute").

On January 10, 2017, plaintiff was notified that "[i]f no action is taken in this case within 30 days, the [c]ourt will enter an order of dismissal for want of prosecution" and that the LR 41-1 dismissal deadline is set for February 9, 2017. (ECF No. 9). To date, no action has been taken in the instant matter. Therefore, the instant action will be dismissed without prejudice for want of prosecution.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 3) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's Title VII claim be, and the same hereby is, DISMISSED with prejudice.

**James C. Mahan**
**U.S. District Judge**

1   IT IS FURTHER ORDERED that the instant case be, and the same hereby is, DISMISSED
2 without prejudice.
3   The clerk shall close the case.
4   DATED March 23, 2017.

_____
UNITED STATES DISTRICT JUDGE